Jennifer R. ZUMWALT,
Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner,
Social Security Administration; et
al., Defendants–Appellees.

No. 05–36046.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2007 **.

Filed July 16, 2007.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Terrye Erin Shea, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA for Defendants–Appellees.

Before: ALARCÓN, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM ***

Jennifer Zumwalt appeals the district court's order affirming the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), pursuant to 42 U.S.C. § 423 and 42 U.S.C. §§ 1381–1383f. Ms. Zumwalt contends that the Administrative Law Judge ("ALJ") improperly excluded the opinions of non-examining and examining physicians, and erred in concluding that she can perform the jobs of sack repairer or assembler by failing to consider her mental limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision and must uphold the denial of benefits if the Commissioner's denial is supported by substantial evidence and free of legal error. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We affirm.

**I**

Ms. Zumwalt contends that the ALJ improperly excluded the opinions of non-examining physician Dr. James Bailey, Ph. D., and examining physicians Dr. Richard H. Drew, Ph.D. and Dr. C. Donald Williams, M.D., CGP, regarding Ms. Zumwalt's mental limitations.

Dr. Bailey's Disability Determination Services ("DDS") evaluation concurred with the examining physicians' opinions insofar as it opined that Ms.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Zumwalt suffered from a depressive disorder and an anxiety disorder. In his decision, the ALJ noted that he did not adopt "the mental limitations assessed at Exhibit 8F [Dr. Bailey's report] except for limited social interaction which is supported elsewhere in the record." Ms. Zumwalt's assertion that the ALJ failed to provide reasons for partially rejecting Dr. Bailey's opinion is without merit.

The ALJ explained that he gave little weight to the evaluation for several reasons: (1) DDS physicians are non-examining, therefore their opinions do not deserve as much weight as those of examining or treating physicians; (2) the opinions are not well supported by the other substantial evidence in the record; and (3) the limitations listed in Dr. Bailey's report, when read as disabling limitations, are inconsistent with his less restrictive narrative, which states that Ms. Zumwalt "is capable of learning some multistep [sic] tasks[,] .... [s]he could work around others, but not in close cooperation with them[,] ... [and she] is capable of superficial public or coworker contact." In addition, the ALJ noted that Ms. Zumwalt attends school part-time, cares for her three children, and babysits for money, all demonstrating that she is "engaging in a normal level of daily activity, social interaction, and activities that require concentration." Thus, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for partially discrediting Dr. Bailey's opinion regarding Ms. Zumwalt's mental limitations. *See Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir.1988).

## II

Contrary to Ms. Zumwalt's contention that the ALJ summarily dismissed Dr. Drew's and Dr. Williams's evaluations, the ALJ did not in fact reject their opinions. Dr. Drew reported that while Ms. Zumwalt's motor vehicle accident was serious, she did not endorse the symptoms of Post Concussion Syndrome. He further opined that her "memory deficits could certainly be the result of the anxiety, frustration, and depression she is reporting." Dr. Drew concluded that she did not need neuropsychological evaluation. Dr. Williams evaluated Ms. Zumwalt in November 2002 and diagnosed depressive and anxiety disorders. He also predicted that Ms. Zumwalt could experience improvement with further treatment. Dr. Williams's report further stated that "[w]ith some additional assistance, significant improvement could be anticipated within a one-year period."

The ALJ set forth Dr. Drew's and Dr. Williams's opinions and made findings consistent with them, including finding that Ms. Zumwalt suffers from anxiety and depression. Thus, the ALJ properly considered Dr. Drew's and Dr. Williams's opinions regarding Ms. Zumwalt's mental limitations.

## III

■ Ms. Zumwalt also argues that the ALJ failed to consider all of her relevant limitations when determining her residual functional capacity ("RFC"), rendering the hypothetical posed to the vocational expert ("VE") incomplete. Specifically, she maintains that the ALJ erroneously relied upon a hypothetical that excluded full consideration of her mental impairments. We disagree. The ALJ's hypothetical included the limitations "the ALJ found credible and supported by substantial evidence in the record." *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005). Therefore, in conducting the step five analysis, the ALJ properly relied on the VE's testimony that there are other jobs available in the

national economy that Ms. Zumwalt can perform.

**AFFIRMED.**